NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EARL A. LUCAS<br><br>    Plaintiff,<br><br>  v.<br><br>VERIZON,<br><br>    Defendant. | Civ. No. 14-5617<br><br>OPINION |

THOMPSON, U.S.D.J.

This matter is before the Court upon Defendant Verizon Communications, Inc.'s motion to dismiss Plaintiff's complaint. (Docket No. 5). Plaintiff Earl Lucas, appearing *pro se*, originally filed his complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Monmouth County, alleging that his pension payments are deficient by $85.00 per month. (Docket No. 1, Ex. B). Defendant removed this action to this Court on the basis of federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendant filed this current motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's action is time-barred. Plaintiff filed a letter in opposition to Defendant's motion. (Docket No. 7). The Court has decided the motion based on the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Defendant's motion is granted, and Plaintiff's complaint is dismissed with prejudice.

Plaintiff is a *pro se* litigant, and, as such, his complaint must be construed liberally. *See Higgs v. Attorney Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011); *see also United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999). Accordingly, this Court will interpret Plaintiff's Complaint as a claim made under 29 U.S.C. § 1132(a)(1)(B), which allows the beneficiary of a pension plan to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Because ERISA does not establish a statute of limitations for these claims, federal courts look to analogous state statutes of limitations to determine the limitations period for a claim under this section. *See Romero v. Allstate Corp.*, 404 F.3d 212, 220 (3d Cir. 2005); *Starr v. JCI Data Processing, Inc.*, 767 F. Supp. 633, 638 (D.N.J. 1991). The most analogous claim under New Jersey law is a breach of contract claim, and the statute of limitations for such a claim is six years. *Starr*, 767 F. Supp. at 638; *Kapp v. Trucking Employees of North Jersey Welfare Fund, Inc.*, 426 Fed. Appx. 126, 129 (3d Cir. 2011). Under the Third Circuit's discovery rule, an ERISA claim will begin to accrue when "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *Romero*, 404 F.3d at 222. "[A] formal denial is not required if there has already been a repudiation of the benefits by the fiduciary which was *clear* and made known to the beneficiary." *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520–21 (3d Cir. 2007) (citing *Romero*, 404 F.3d at 222) (emphasis in original).

On his complaint form, Plaintiff states that he was employed by Defendant for twenty-three years, that his pension is deficient by $85.00 a month, and that he has spoken with Defendant regarding the alleged deficiency in his pension payment but has not received a satisfactory explanation. (Docket No. 1, Ex. B). Though a district court ordinarily may only rely on facts alleged in a complaint in ruling on a 12(b)(6) motion, the Third Circuit has instructed that a court

may consider a defendant's attachment of a pertinent document "if the plaintiff's claims are based on the document." *Pension Benefit Guaranty Corp. v. White Consolidated Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Defendant has submitted the sworn affidavit of its employee Marc Schoenecker, which includes as an exhibit a copy of the letter sent to Plaintiff by MCI, Defendant's predecessor in interest, on August 11, 2003 notifying Plaintiff that his pension payments would be reduced by $85.30 per month starting August 1, 2003. (Docket No. 5, Attachment 2, Ex. 1). Plaintiff does not dispute the authenticity of this letter in his opposition. (Docket No. 7). Furthermore, Plaintiff's claim is clearly based on this document, as it represents the decision by MCI to reduce Plaintiff's pension by the amount Plaintiff now complains of; accordingly, this Court will consider this letter in evaluating Defendant's motion.

The letter establishes that Plaintiff either became aware, or should have become aware, of the reduction in his pension in August of 2003. Plaintiff did not file his complaint until August, 2014. This eleven year gap is far outside the six year statute of limitations period. In his opposition, Plaintiff references the fact that his former employer went into bankruptcy and that some executives of his former employer have been criminally convicted. (Docket No. 7). However, neither of these facts offer an excuse for Plaintiff to have waited so long to seek a remedy for what he now claims is a wrong. The time Plaintiff should have brought this action was in 2003 or in the six years thereafter; now, he has waited too long and New Jersey's statute of limitations for contract disputes prevents him from bringing this claim.

For the reasons discussed above, Defendant's motion to dismiss will be granted and Plaintiff's claim will be dismissed with prejudice. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.